UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV-

RAIDEL DICKINSON,

    Plaintiff,

v.

BARRIOS SECURITY CORPORATION,
a Florida corporation, and HENRY BARRIOS,
individually

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, RAIDEL DICKINSON (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, BARRIOS SECURITY CORPORATION, a Florida corporation, and HENRY BARRIOS, individually (hereafter referred to as "Defendants") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

### PARTIES

2. Plaintiff, RAIDEL DICKINSON, is an adult, male resident of Monroe County, Florida.

3. Defendant, BARRIOS SECURITY CORPORATION is authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Defendant, HENRY BARRIOS owned, managed, and/or operated BARRIOS SECURITY CORPORATION, regularly exercised the authority to hire and fire employees, determine work schedules of employees, set the rate of pay for employees, and controls the finances and operations of BARRIOS SECURITY CORPORATION.

5. At all times material hereto Defendants were an "employer" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

6. At all times material hereto, Plaintiff was an "employee" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

7. The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. § 203(d) and s(1), in that it has employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

8. Based upon information and belief, the annual gross sales volume of Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

9. At all times material hereto, RAIDEL DICKINSON is and continues to be a resident of Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, the work performed by RAIDEL DICKINSON was directly essential to the business performed by the Defendants.

11. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

12. At all times material, during RAIDEL DICKINSON employment with the Defendants, the Defendants were engaged in interstate commerce or in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

13. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §1331, 1343, and 1367.

14. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

15. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

16. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

17. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

18. Plaintiff is a Cuban male.

19. On or about February 14, 2020, Plaintiff began working for Defendant as a security guard.

20. On or about March of 2020, Plaintiff was assigned to Ocean Point Condominium to work as a security guard on premises.

21. Sometime later, Defendant hired a new manager, Katt Sears, to begin working at Ocean Point Condominium.

22. On September 16, 2020, Katt Sears approached Plaintiff while he was leaving the premises after finishing his shift. Katt Sears asked Plaintiff of the whereabouts of Wendy, another security guard ,manager at Ocean Point Condominium.

23. Plaintiff responded to Katt Sears in Spanish that he was not aware of Wendy's location. Plaintiff's answer prompted Katt Sears to then ask if Plaintiff knew English. Plaintiff responded with "a little."

24. On the next day, Plaintiff showed up to find out that he was replaced by another security guard in his position. The other security guard asked Plaintiff if no one told him that Katt Sears fired him due to not knowing English.

25. Plaintiff was shocked by the news and could not believe he was fired. The Plaintiff never had any issues, warnings, or disciplinary actions during his entire tenure working at Ocean Point Condominium.

26. Plaintiff was also never told that speaking English was a requirement for the position he held.

27. Also, from the period of February 14, 2020, to September 16, 2020, Plaintiff worked approximately one hundred sixty (160) overtime hours. Plaintiff worked for $12.00 an hour throughout this time.

28. Defendant did not pay Plaintiff at time-and-a-half for any hours worked over a 40-hour workweek, as required for overtime. Instead, Plaintiff was only played at regular time for the hours worked over a 40-hour workweek.

29. For the period of February 14, 2020, to September 16, 2020, Defendant owes $6.00 per hour over 160 hours, which equals to $960.00

30. Although the Defendants were able to keep track of hours worked by Plaintiff and other employees similarly situated, the Defendants failed to pay Plaintiff or other similarly situated employees at the overtime rate when working in excess of forty (40) hours a week.
31. Plaintiff should have been paid on an hourly, non-exempt rate during the entire course of his employment with the Defendants.
32. Plaintiff is still owed for his overtime work completed for Defendant during his entire employment period.
33. As a result of Defendant's discriminatory treatment of the Plaintiff due to his national origin and the lack of overtime payments, Plaintiff had suffered damages and was forced to retain undersigned counsel.

## COUNT I: National Origin Discrimination in Violation of the Title VII

34. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 33, as if fully set forth herein.
35. Defendants engaged in practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on his national origin. Defendant has engaged in a pattern of continuous discrimination against Plaintiff because she is of Cuban national origin.
36. Defendants was aware that Plaintiff was singled out for mistreatment in a discriminatory manner because of his national origin. Defendants participated in, were aware of, and/or allowed the discrimination. Defendants knew such actions were unlawful but acted in reckless disregard of the law.
37. Defendants' conduct complained of here was willful and in disregard of Plaintiff's protected rights.

38. Plaintiff would have continued in his employment with Defendants, entitled to his wages and benefits, but for the discriminatory conduct of Defendants.

39. As a direct and proximate result of Defendants' discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, termination, based on his national origin.

40. The conduct of Defendants, by and through the conduct of its employees, agents, and/or representatives, and the Defendants' endorsement of discriminatory activities, and Defendants' failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of his statutory rights under federal and state law.

41. As a result of Defendants' acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

42. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorneys' fees pursuant to 42 U.S.C.A. § 1988, the Civil Right Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendants containing the following relief:

   a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

   b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

   c. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

    d. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

    e. An award of punitive damages;

    f. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

    g. Such other and further relief as the Court may deem just and proper.

### COUNT II: Violation of 29 U.S.C. § 207 (Unpaid Overtime)
### *(Against BARRIOS SECURITY CORPORATION)*

43. Plaintiff re-alleges and reincorporates paragraphs 1-33 as fully alleged therein.

44. During the period of on or about February 14, 2020, to September 16, 2020, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

45. Plaintiff was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

46. Defendant failed to pay Plaintiff's overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

47. At all times, Defendant willfully employed Plaintiff for many work weeks longer than forty (40) hours and failed and refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

48. As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

49. Defendant remains owing Plaintiff and similarly situated employees overtime wages, and Plaintiff is entitled to recover double damages pursuant to the FLSA.

50. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to his are in the possession and custody of Defendant.

51. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

52. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

53. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendant's, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

55. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff respectfully request that judgment be entered in their favor against Defendant:

    a. Declaring that Defendant have violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just.

### COUNT III: Violation of 29 U.S.C. § 207 (Unpaid Overtime)
### *(Against HENRY BARRIOS)*

56. Plaintiff re-alleges and reincorporates paragraphs 1-33 as fully alleged therein.

57. During the period of on or about February 14, 2020, to September 16, 2020, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

58. Plaintiff was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

59. Defendant failed to pay Plaintiff's overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

60. At all times, Defendant willfully employed Plaintiff for many work weeks longer than forty (40) hours and failed and refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

61. As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

62. Defendant remains owing Plaintiff and similarly situated employees overtime wages, and Plaintiff is entitled to recover double damages pursuant to the FLSA.

63. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to his are in the possession and custody of Defendant.

64. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

65. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

66. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

67. Due to the intentional, willful and unlawful acts of Defendant's, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

68. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff respectfully request that judgment be entered in their favor against Defendants:

    g. Declaring that Defendant has violated the maximum hour provisions of 29 U.S.C. § 207;

    h. Awarding Plaintiff overtime compensation in the amount calculated;

    i. Awarding Plaintiff liquidated damages in the amount calculated;

    j. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    k. Awarding Plaintiff post-judgment interest; and

    a. Ordering any other and further relief this Court deems to be just.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

                                                       Respectfully submitted

                                                       By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088